933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth R. THOMPSON, Plaintiff-Appellant,
v.
U.S. SMALL BUSINESS ADMINISTRATION, Thomas D. Cramer, James
S. Lathram, Janice E. Wolfe, Raymond F. Randolph, Richard E.
Neustadt, Phil Greb, William Hunt, Albert R. Ritcher, James
C. Cissell, Defendants-Appellees.
 No. 90-3774.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge
 
 ORDER
 
 2
 Kenneth R. Thompson, a pro se Ohio plaintiff, appeals the district court's order and judgment dismissing his amended complaint filed pursuant to the court's federal question jurisdiction. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, declaratory, and injunctive relief, Thompson sued the United States Small Business Association (SBA), four SBA officials, an FBI agent, three present and former U.S. Attorneys, and a private citizen for allegedly conspiring to deprive him of his property in violation of his rights to due process and equal protection of the laws. Specifically, Thompson alleged in his amended complaint that, on or about May 31, 1978 and continuing, the defendants conspired to fraudulently and wrongfully deprive him of his business, his property, and his liberty without due process of law to his financial and emotional detriment. He further alleged that the defendants achieved this through the wrongful suspension of SBA assistance, fabrication of fraudulent criminal allegations, initiation of a wrongful FBI investigation, and obstruction of justice.
 
 
 4
 The federal defendants interpreted Thompson's amended complaint as presenting claims sounding in tort, civil rights, and criminal violations and moved for dismissal for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted. Defendant Neustadt moved to dismiss for failure to state a claim upon which relief could be granted and late service of process. Thompson responded to these motions.
 
 
 5
 In its memorandum and order, filed August 17, 1990, the district court granted Thompson's motion to further amend his complaint to specify the statutes he alleged the defendants violated, and granted both motions to dismiss the complaint. The court concluded that the federal defendants correctly characterized Thompson's complaints. It then dismissed the various categories of claims as follows: (1) the common law tort claims against the federal defendants for failure to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671, et seq., (2) the Bivens claims because they were barred by the applicable statute of limitations, (3) the alleged criminal violations because no private cause of action exists, and (4) the common law tort claims against Neustadt for lack of jurisdiction over the pendent state claims since there were no remaining federal claims. The FTCA claims and tort claims against Neustadt were dismissed without prejudice.
 
 
 6
 On appeal, Thompson argues that the district court incorrectly stated the facts, erred in finding his Bivens claims barred by the statute of limitations, and erred in finding that he raised tort claims cognizable under the FTCA.
 
 
 7
 Upon review, we affirm the district court's judgment because it correctly characterized Thompson's causes of action and correctly dismissed each category for the reasons stated. Even if this court were to accept Thompson's assertion that all of his claims were brought as violations of constitutional rights, they would be barred by Ohio's two-year statute of limitations for Bivens claims.
 
 
 8
 Thompson does not appeal the district court's dismissal of the criminal claims or of the pendent state claims. Therefore, those issues are considered abandoned and are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Accordingly, the district court's judgment dismissing Thompson's complaint for failure to state a claim upon which relief could be granted is hereby affirmed for the reasons stated in its memorandum and order filed August 17, 1990. Rule 9(b)(3), Rules of the Sixth Circuit.